OTTENOT *v.* NEW YORK, L. & W. RY. CO.

(*Superior Court of Buffalo, General Term.* December 3, 1888.)

EMINENT DOMAIN—COMPENSATION—OPINION EVIDENCE.
    In an action for the damages resulting from building an embankment in front of plaintiff's property, it is proper to ask a witness, who has testified to the value of the property before and after the embankment was built, to what he attributes the depreciation in value.

Appeal from trial term.

Action by Augusta Ottenot, executrix, etc., against the New York, Lacka- wanna & Western Railway Company, for damages to the property of plain- tiff's testator caused by the construction of an embankment which obstructed the way to the property. There was a judgment for plaintiff, and defendant appealed.

*Rogers, Locke & Milburn,* for appellant. *Day & Parker,* for respondent.

TITUS, J. This is an appeal from a judgment entered on a verdict of the jury in favor of the plaintiff for damages sustained by the plaintiff's testator to his lands and property on Commercial street, in this city, occasioned by the construction of an embankment along the center of Commercial street. Nearly all of the questions raised by this appeal have been passed upon by this court in *Reining* v. *Railroad Co.,* 1 N. Y. St. Rep. 734. It was held in that case, where the facts are nearly identical, that the plaintiff could main- tain an action for an injury to his property, as the embankment was of a per- manent character, amounting to a destruction of the plaintiff's right of way in the street, and of access to his property from the street; and that the proper measure of damages was the depreciation of plaintiff's property by reason of the construction of the embankment. These questions must be regarded as settled, so far as this court is concerned, until the court of appeals shall more authoritatively settle the law.

After the plaintiff's witnesses had testified to the value of the property be- fore and after the construction of the embankment, they were asked the ques- tions put to different witnesses being somewhat varied in form: "What is the reduction in value due to?" "To what do you attribute the depreciation in the value of the property?" but involving substantially the same question as to admissibility. It is claimed by the defendant's counsel that the ques- tions called for a conclusion of the witness. I think it was proper for the witness to state the facts on which he bases his opinion of the valuation of the property, and, if he has done no more, no error was committed. *Clark* v. *Baird,* 9 N. Y. 191. Both forms of questions put to different witnesses were for but one purpose, and elicited the same reply. The evident purpose was to ascertain from the witness what facts he took into consideration in es- timating the value of the property. I think it was competent for the jury to understand upon what the witness predicated his opinion that the property

had depreciated in value. The decision in *Rauch* v. *Railroad Co., ante,* 108, is not an authority for the defendant's position. In that case the question was asked the witness: "What has been the effect of the construction of the embankment in Commercial street and Water street upon the plaintiff's premises?" The court held, in substance, that the witness could not give his opinion of the effect of the embankment, that being for the determination of the jury, but might state the value of the property, if he knew; but it does not hold that he may not state what elements were taken into account by him in fixing the amount of depreciation. The judgment should be affirmed, with costs.

HATCH, J., (*concurring.*) I concur in the disposition made of this case. In *Rauch* v. *Railway Co., ante,* 108, relied upon by the defendant, this court held evidence improper which called upon the witness to determine the extent of damage done by the embankment which is the subject of complaint here. In the present case, so far as that question is concerned, no error was committed, as the witnesses exactly complied with the rule. All the facts upon which the witnesses based their conclusion were here given; and when they were asked what, in their opinion, produced the depreciation in the value of the property, the jury then had before them every element upon which their opinion was based. For this reason I think no error was committed. *Moyer* v. *Railroad Co.,* 98 N. Y. 645; *Avery* v. *Railroad Co., ante,* 101; *Miller* v. *Railroad Co.,* 9 Hun, 194.

BECKWITH, C. J., did not sit in this case.